JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
SHARON CICCONE

**DEFENDANTS**
WALMART, INC. and WAL-MART STORES EAST, L.P.

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kitay Law Offices
1810 Union Blvd., Allentown, PA 18109

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 12112(a)

Brief description of cause:
ADA Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 12/02/2020

SIGNATURE OF ATTORNEY OF RECORD: /s/ William P. Mansour

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Sharon Ciccone | : | CIVIL ACTION |
| v. | : | |
| Walmart, Inc. and Wal-Mart Stores East, L.P. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 12/02/2020 | William P. Mansour | Sharon Ciccone |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 776-1700 | 484-350-3200 | wmansour@kitaylegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: P.O. Box 14, 448 Airport Road, Bethel PA 19507

Address of Defendant: 702 SW 8th Street, Bentonville, AR 72716

Place of Accident, Incident or Transaction: Hamburg, Berks County, PA

***RELATED CASE, IF ANY:***

Case Number: ______________ Judge: ______________ Date Terminated: ______________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/02/2020 William P. Mansour (Must sign here) 318833

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases *(Please specify):* ______________

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* ______________
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases *(Please specify):* ______________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, William P. Mansour, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 12/02/2020 William P. Mansour (Sign here if applicable) 318833

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHARON CICCONE, | ) | |
| Plaintiff, | ) | No. ____________ |
| v. | ) | |
| WALMART, INC. and WAL-MART STORES EAST, L.P., | ) | CIVIL ACTION – LAW |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES, Plaintiff SHARON CICCONE ("Plaintiff"), by and through her undersigned counsel, who hereby complains against Defendants WALMART, INC. and WAL-MART STORES EAST, L.P. (collectively, "Defendants") as follows:

**INTRODUCTION**

1. This disability employment discrimination action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"). Specifically, as set forth in more detail herein, Plaintiff alleges that she was denied a reasonable accommodation, threatened, and then constructively discharged from her employment with Defendant in violation of the ADA.

**PARTIES**

2. Plaintiff is an adult individual currently residing in Bethel, Berks County, Pennsylvania.

3. Defendant WALMART, INC. is a publically-traded American multinational retail corporation that owns and operates a chain of retail stores, discount stores, grocery stores, and supermarkets. Defendant Walmart, Inc.'s headquarters are located at 702 SW 8th Street, Bentonville, AR 72716. At all times relevant and material hereto, Defendant Walmart, Inc.

regularly employed in excess of fifteen (15) employees for each working day of at least twenty (20) calendar weeks in 2018 and 2019.

4. Defendant WAL-MART STORES EAST, L.P. is a wholly-owned subsidiary of Defendant WALMART, INC. Defendant Wal-Mart Stores East, L.P. owns and operates various "Walmart" stores throughout the United States. Its headquarters are located at 601 N. Walton Boulevard, Bentonville, Arkansas 72716.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred within this district.

7. On July 20, 2020, Plaintiff timely filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination under the ADA.

8. On October 8, 2020, the EEOC issued a Dismissal and Notice of Rights to Plaintiff, a copy of which is attached hereto as **EXHIBIT A.** This action is being commenced within ninety (90) days of Plaintiff's receipt of that Notice.

9. Plaintiff has satisfied all other conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

10. At all times relevant and material hereto, Plaintiff suffered from leukemia, which substantially impaired one or more of her major life activities, including walking, standing, concentrating, eating, and breathing. Plaintiff's leukemia also impairs her body's immune system and cell growth.

11. Prior to March 16, 2020, Plaintiff earned a living as a massage therapist. However, in response to the COVID-19 pandemic, Governor Tom Wolf and Secretary of Health Dr. Rachel Levine ordered her business closed in late March 2020 as part of Pennsylvania's business-closure order.

12. Defendants hired Plaintiff on April 3, 2020 as a full-time "Personal Shopper" for their Superstore in Hamburg, PA (Store No. 4612). Store No. 4612 is operated by Defendant Wal-Mart Stores East, L.P.

13. The essential job duties of a "Personal Shopper" are to fulfill online, store pick-up orders by collecting the ordered items from throughout the store and preparing them for pick-up by the customer.

14. At no point before hiring Plaintiff did Defendants inform her that the position of Personal Shopper regularly required her to perform tasks outside of that position.

15. On April 17, 2020, eCommerce Assistant Store Manager Robert Luisi directed Plaintiff to perform work in the Dairy Department unrelated to her work as a "Personal Shopper" because her "Personal Shopper" work was completed before her shift was over. Plaintiff continued to work as both as "Personal Shopper" and in the Dairy Department every work day through May 17, 2020.

16. On April 24 or April 25, 2020, Plaintiff had a closed-door meeting at work with a People Lead named "Adam." During this meeting, Plaintiff informed Adam that she had leukemia and asked him if she could have a part-time work schedule since her leukemia causes her substantial fatigue and prevents her from maintaining a full-time work schedule. She also asked that Adam keep information regarding her condition confidential. Adam agreed to both requests.

17. Beginning on April 28, 2020 through the date of her termination on May 26, 2020, Ms. Ciccone worked from 8:00 am to 5:00 pm every Tuesday, Friday, and Sunday.

18. After permissibly being absent from work for personal reasons the week of May 18, 2020, Plaintiff returned to work on May 26, 2020. On that date, one of Defendants' Department Managers named "Rita" directed Plaintiff to assist in the Produce Department, the Bedding Aisle, and the Craft Aisle because she had completed all of her Personal Shopper duties for the day. Rita then directed Plaintiff to clean refrigerator doors in the Dairy Department.

19. Cleaning refrigerator doors in the Dairy Department was not one of the essential duties of "Personal Shopper."

20. Because exposure to harsh cleaning chemicals exacerbated her leukemia and/or leukemia symptoms, Plaintiff asked Rita if there was another task she could complete. When Rita asked Plaintiff to complete another cleaning task requiring the use of similar harsh chemicals, Plantiff requested to complete another task that did not involve cleaning. When Rita declined that request, Plaintiff asked to speak directly to the appropriate manager.

21. Shortly thereafter, Plaintiff was called into a closed-door meeting with Mr. Luisi, Assistant Store Manager "Marsha," and People Lead Adam. Importantly, Adam was aware of the fact that Plaintiff suffered from leukemia.

22. Mr. Luisi directed Plaintiff to speak first. Plaintiff expressed appreciation for the opportunity to speak directly with Mr. Luisi. Plaintiff then shared that she declined to clean and requested another non-cleaning task.

23. Mr. Luisi stated that, as his subordinate, Plaintiff had to do whatever he asked of her. He then asked Plaintiff if she had medical grounds for her request, to which Plaintiff replied

"Yes." Adam, who was previously made aware of Plaintiff's leukemia, sat silently through this meeting.

24. When Plaintiff again asked to complete non-cleaning tasks, Mr. Luisi refused, stating that Plaintiff's refusal to clean amounted to insubordination.

25. Defendant's, through Mr. Luisi, then terminated Plaintiff's employment effective immediately.

26. At all times relevant and material hereto, Mr. Luisi was acting within the course and scope of his employment with Defendants.

27. When Plaintiff made Mr. Luisi aware that she had a medical reason for refusing to clean, Mr. Luisi became obligated under the ADA and Walmart Policy to engage in the interactive process and inquire further into Plaintiff's medical condition and her need for a reasonable accommodation.

**COUNT I**
**DISCRIMINATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 12112(a), THE AMERICANS WITH DISABILITIES ACT**

28. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

29. Plaintiff had a physical condition (leukemia) that substantially impaired one or more of her major life activities, including walking, standing, concentrating, eating, and breathing. Plaintiff's leukemia also impairs her body's immune system and cell growth.

30. Plaintiff was able to perform the essential functions of her job as a part-time Personal Shopper without a reasonable accommodation.

31. Defendants, through People Lead Adam, knew of Plaintiff's leukemia.

32. Defendants, through Mr. Luisi, knew that Plaintiff had a medical condition that prevented her from cleaning the refrigerator doors in the Dairy Department using harsh cleaning chemicals.

33. Defendants, through Mr. Luisi, discharged Plaintiff from her employment because her leukemia prevented her from cleaning the refrigerator doors in the Dairy Department using harsh cleaning chemicals.

34. Cleaning the refrigerator doors in the Dairy Department chemicals was not an essential function of Plaintiff's Personal Shopper position.

35. Defendants, through Mr. Luisi, discharged Plaintiff from her employment because her leukemia prevented her from performing a non-essential function of her job as Personal Shopper.

36. As a direct and proximate result of Defendants' decision to discharge her, Plaintiff suffered past and future lost wages and loss of earning capacity.

37. As a direct and proximate result of Defendants' decision to discharge her, Plaintiff suffered severe emotional distress, mental anguish, embarrassment, and financial insecurity.

38. By purposefully and knowingly discharging Plaintiff for being unable to perform a non-essential job function due to her leukemia, Defendants intentionally or recklessly violated Plaintiff's federal statutory rights.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

a. All back pay from the date of termination through the date of judgment, plus pre- and post-judgment interest;

b. Front pay from the date of judgment through a date deemed equitable and just by the court;

c. Compensatory damages in an amount to be determined by a jury;

d. Punitive damages in an amount to be determined by a jury;

e. All costs and reasonable attorney's fees; and

f. Any other relief deemed proper and just.

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION OF 42 U.S.C. § 12112(a), THE AMERICANS WITH DISABILITIES ACT

39. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

40. Plaintiff had a physical condition (leukemia) that substantially impaired one or more of her major life activities, including walking, standing, concentrating, eating, and breathing. Plaintiff's leukemia also impairs her body's immune system and cell growth.

41. Plaintiff was able to perform the essential functions of her job as a part-time Personal Shopper without a reasonable accommodation.

42. Defendants, through People Lead Adam, knew of Plaintiff's leukemia.

43. Defendants, through Mr. Luisi, knew that Plaintiff had a medical condition that prevented her from cleaning the refrigerator doors in the Dairy Department using harsh cleaning chemicals.

44. Cleaning the refrigerator doors in the Dairy Department with harsh cleaning chemicals was not an essential function of Plaintiff's Personal Shopper position.

45. Defendants, through People Lead Adam and Mr. Luisi, failed to reasonably accommodate Plaintiff by requiring her to clean the refrigerator doors in the Dairy Department with harsh cleaning chemicals.

46. Defendants, through People Lead Adam and Mr. Luisi, failed to reasonably accommodate Plaintiff by requiring her to perform a non-essential job function.

47. Defendants, through People Lead Adam and Mr. Luisi, failed to reasonably accommodate Plaintiff by discharging her for being unable to perform a non-essential job function due to her disability.

48. Defendants could have reasonably accommodated Plaintiff by having another employee clean the refrigerator doors in the Dairy Department using harsh cleaning chemicals.

49. Defendants could have reasonably accommodated Plaintiff by requiring her to perform only her essential job functions.

50. Directing another employee to clean the refrigerator doors in the Dairy Department would not have caused an undue hardship for Defendants.

51. Defendants, through People Lead Adam and Mr. Luisi, refused to make a good-faith effort to engage in the interactive process to determine whether any reasonable accommodations could be granted to Plaintiff or whether any modifications could be made to her non-essential job functions.

52. As a direct and proximate result of Defendants' refusal to reasonably accommodate her, Plaintiff suffered past and future lost wages and loss of earning capacity.

53. As a direct and proximate result of Defendants' refusal to reasonably accommodate her, Plaintiff suffered severe emotional distress, mental anguish, embarrassment, and financial insecurity.

54. By purposefully and knowingly refusing to engage in the interactive process and reasonably accommodate Plaintiff, Defendants intentionally or recklessly violated Plaintiff's federal statutory rights.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, and award the following relief:

a. All back pay from the date of termination through the date of judgment, plus pre- and post-judgment interest;

b. Front pay from the date of judgment through a date deemed equitable and just by the court;

c. Compensatory damages in an amount to be determined by a jury;

d. Punitive damages in an amount to be determined by a jury;

e. All costs and reasonable attorney's fees; and

f. Any other relief deemed proper and just.

**DEMAND FOR JURY TRIAL**

**PLEASE TAKE NOTICE** that Plaintiff Sharon Ciccone demands a trial by jury for all claims and issues so triable.

*Respectfully Submitted,*

**KITAY LAW OFFICES**

Dated: December 2, 2020

BY: */s/ William P. Mansour*

William P. Mansour, Esquire
Pa. Attorney ID No. 318833
**Kitay Law Offices**
1810 Union Blvd.
Allentown, PA 18109
P: (610) 776-1700
Email: wmansour@kitaylegal.com

Attorney for Plaintiff Sharon Ciccone